UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

MODESTO ESPINOSA, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

BELLSOUTH TELECOMMUNICATIONS, LLC,
a Georgia Limited Liability Company, a/k/a AT&T,

    Defendant.
_____/

## COMPLAINT

1.    Plaintiff, MODESTO ESPINOSA (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2.    Defendant, BELLSOUTH TELECOMMUNICATIONS, LLC, a Georgia Limited Liability Company, a/k/a AT&T (referred to as "Defendant" and "AT&T"), has at all times material to this Complaint owned and operated a communications business that provides, *inter alia*, wireless and telephone and other services to customers at multiple locations throughout Florida including in Miami-Dade County, as well as other locations across the United States.

3.    Plaintiff brings this action on behalf of himself[1] and other current and former employees of AT&T similarly situated to Plaintiff who have worked as "Senior Sourcing Specialists," however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b). It is the intent of this collective action to apply to all similarly situated employees of

---

[1] Attached hereto is a signed Consent to Join of MODESTO ESPINOSA.

1

Defendant regardless of location.

4. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

5. A substantial part of the events giving rise to this action occurred in Miami-Dade County, Florida within the jurisdiction of the United States District Court for the Southern District of Florida.

6. At all times material to this Complaint including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, AT&T has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including during the years 2016, 2017, 2018, and 2019, AT&T has employed two (2) or more employees who, *inter alia*, have regularly: (a) handled and worked with telephone equipment, including but not limited to copper cables, hand-holes & conduits, fiber splitting equipment, all of which were all goods and/or materials moved in or produced for commerce; (b) handled, worked with, and sold services including but limited to high speed internet, wireline telephone, and wireless phone services were streamed, sold and/or otherwise moved in interstate commerce; (c) handled and worked with office equipment such as copiers, scanners, faxes, computers and telephones, and supplies such as paper, pens, U.S. Postal Service & FedEx shipping materials, all of which were goods and/or materials moved in or produced for commerce; and (e) processed and participated in electronic bank transfers and other financial electronic transactions across State lines between Florida and other States across the United States.

7. Based upon information and belief, the annual gross sales volume of AT&T has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not

necessarily limited to during the years of 2016, 2017, 2018, and 2019.

8. At all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, AT&T has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9. In numerous work weeks during the three (3) year statute of limitations period between approximately September 2016 and July 2019, Plaintiff worked for AT&T in the position titled as "Senior Sourcing Specialist" based in Miami-Dade County, Florida with Plaintiff's primary duties that consisted of the following non-exempt tasks: (a) scheduling with contractors in AT&T's construction projects; (b) manual labor including but not limited to, by way of example, using a measuring wheel to measure conduit placed by contractors and working with open hand-holes and manholes to inspect work; and (c) ministerial administrative billing review of contractors' work.

10. The additional persons who may become Plaintiffs in this action are AT&T's current and former non-exempt "Senior Sourcing Specialists," however variously titled, who have worked for Defendant in one or more weeks between approximately September 2016 and July 2019 without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for AT&T.

11. During the three (3) year statute of limitations period between approximately September 2016 and July 2019, Plaintiff regularly worked in excess of Forty (40) hours per week for Defendant while performing non-exempt work in the position known as "Senior Sourcing Specialist."

12. Likewise, the other employees of AT&T who are similarly situated to Plaintiff have regularly worked as non-exempt "Senior Sourcing Specialists," however, variously titled, in

excess of Forty (40) hours in one or more work weeks for Defendant within the three (3) year statute of limitations period between approximately September 2016 and July 2019.

13. However, AT&T has failed to pay time and one-half wages for the overtime hours worked by Plaintiff and the other similarly situated non-exempt "Senior Sourcing Specialists," however variously titled, for all of their actual overtime hours worked within the three (3) year statute of limitations period, with Defendant instead paying salaried wages for Forty (40) hours per week without time and one-half compensation for the overtime hours worked between approximately September 2016 and July 2019 by Plaintiff and the other similarly situated employees.

14. During the three (3) year statute of limitations period between approximately September 2016 and July 2019, AT&T has misclassified Plaintiff and the other "Senior Sourcing Specialists" similarly situated to him as "exempt" from the overtime compensation requirements of the FLSA despite their primary job duties being non-exempt in nature.

15. In or around early August 2019, AT&T changed the job title of Plaintiff and other employees in the "Senior Sourcing Specialist" position to "Lead Construction & Engineering" and re-classified the position from exempt to non-exempt under the Fair Labor Standards Act.

16. The primary job duties performed by Plaintiff and the other similarly situated "Senior Sourcing Specialists," however variously titled, for AT&T between approximately September 2016 and July 2019 *did not* involve the exercise of independent judgment nor were their primary duties administrative tasks that involved exercising discretion for Defendant's general business operations.

17. Likewise, the primary duties and work performed by Plaintiff and the other similarly situated "Senior Sourcing Specialists," however variously titled, for AT&T between

4

approximately September 2016 and July 2019 have required little skill and no capital investment, as these duties *did not* substantially include managerial responsibilities or the exercise of independent judgment with respect to matters of significance in the operation of Defendant's administration or production operations.

18. Instead, Plaintiff and the other similarly situated "Senior Sourcing Specialists," however variously titled, have devoted the majority of their working time for Defendant within the three (3) year statute of limitations period between approximately September 2016 and July 2019 to performing manual labor and other ministerial and clerical tasks for AT&T.

19. Finally, the primary duties of Plaintiff and the other similarly situated "Senior Sourcing Specialists," however variously titled, for Defendant during the three (3) year statute of limitations period between approximately September 2016 and July 2019 *was not* management of any department(s) or job sites of AT&T, and Plaintiff and the other "Senior Sourcing Specialists," however variously titled, had no authority for and did not regularly interview, hire, discipline, or fire employees of AT&T.

20. During the three (3) year statute of limitations period between approximately September 2016 and July 2019, Plaintiff regularly worked for AT&T while in the position of "Senior Sourcing Specialist," with start times between approximately 6:00 to 7:00 a.m. and stop times that ranged anywhere between approximately 4:00 p.m. and as late as 4:00 a.m. at times, averaging approximately Fifty-Five (55) hours per week.

21. However, AT&T has failed to pay time and one-half wages for all of the hours that Plaintiff and other "Senior Sourcing Specialists," however variously titled, have worked in excess of Forty (40) hours per week for Defendant in numerous work weeks during the three (3) year statute of limitations period between approximately September 2016 and July 2019 as required by

the Fair Labor Standards Act, with AT&T instead misclassifying Plaintiff and other "Senior Sourcing Specialists" as exempt from the FLSA's overtime compensation requirements and paying only salaried wages for Forty (40) hours of work per week.

22.     Subject to discovery, based upon AT&T paying Plaintiff average gross weekly wages of approximately $1,773.50 per week for Forty (40) hours of work per week between approximately September 2016 and July 2019 and Plaintiff being owed an average of approximately Fifteen (15) uncompensated overtime hours per week from Defendant during a total of approximately One Hundred and Forty (140) work weeks within this period, if Plaintiff's unpaid overtime wages are found to be due and owing at the time and one-half rate of $66.51/hour [$1,773.50/40 hours = $44.34/hour x 1.5 = $66.51/hour], Plaintiff's unpaid overtime wages total $139,663.13 [$66.51/hour x 15 OT hours/week x 140 weeks = $139,663.13], whereas if Defendant were to be able to demonstrate that the FLSA's "fluctuating workweek method," 29 C.F.R. §778.114, governs the calculation of Plaintiff's unpaid overtime wages on a half-time basis at the rate of $16.12/hour [$1,773.50/55 hours = $32.25/2 = $16.12/hour], Plaintiff's unpaid overtime wages total $33,857.73 [$16.12/hour x 15 OT hours/week x 140 weeks = $33,857.73].

23.     Based upon information and belief, AT&T has failed to maintain accurate records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and other similarly situated "Senior Sourcing Specialists," however variously titled, during each week between approximately September 2016 and July 2019 as required by the FLSA, 29 C.F.R. §516.2(a)(7).

24.     Nonetheless, AT&T has had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff other similarly situated "Senior Sourcing Specialists," however variously titled, during each week between approximately September 2016 and July 2019 but

Defendant willfully failed to compensate Plaintiff and the other similarly situated employees for all of their actual overtime hours worked for Defendant, instead accepting the benefits of the work performed by Plaintiff and other "Senior Sourcing Specialists" without the overtime compensation required by the FLSA, 29 U.S.C. §207.

25. The complete records reflecting the compensation paid by AT&T to Plaintiff and all other similarly situated "Senior Sourcing Specialists," however variously titled, at any location between approximately September 2016 and July 2019 are in the possession, custody, and/or control of Defendant.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

26. Plaintiff, MODESTO ESPINOSA, readopts and realleges the allegations contained in Paragraphs 1 through 25 above.

27. Plaintiff is entitled to be paid time and one-half of his applicable regular rates of pay for each hour he worked for AT&T as a non-exempt employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately September 2016 and July 2019.

28. All similarly situated non-exempt "Senior Sourcing Specialists," however variously titled, of AT&T are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendant at any location but were not properly compensated for working on Defendant's behalf during any work weeks within the three (3) year statute of limitations period between approximately September 2016 and July 2019.

29. AT&T has knowingly and willfully failed to pay Plaintiff and the other non-exempt "Senior Sourcing Specialists," however variously titled, similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendant in excess of Forty

(40) per week between approximately September 2016 and July 2019.

30.     At all times material to this Complaint, AT&T had constructive and actual notice that Defendant's compensation practices did not provide Plaintiff and other "Senior Sourcing Specialists," however variously titled, with time and one-half wages for all of their actual overtime hours worked between approximately September 2016 and July 2019 based upon, *inter alia*, Defendant: (a) failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff and the other "Senior Sourcing Specialists"; and (b) knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees, and instead failing to pay time and one-half wages for the overtime hours that AT&T knew had been worked for the benefit of Defendant.

31.     By reason of the said intentional, willful and unlawful acts of AT&T, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

32.     Based upon information and belief, at all times material to this Complaint, AT&T did not have a good faith basis for its failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated "Senior Sourcing Specialists," however variously titled, as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendant pursuant to 29 U.S.C. §216(b).

33.     Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from AT&T all reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the FLSA.

34.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, MODESTO ESPINOSA and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendant, BELLSOUTH TELECOMMUNICATIONS, LLC, a/k/a AT&T, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  September 10, 2019				Respectfully submitted,

							By:	**KEITH M. STERN**
								Keith M. Stern, Esquire
								Florida Bar No. 321000
								E-mail:  employlaw@keithstern.com
								LAW OFFICE OF KEITH M. STERN, P.A.
								80 SW 8th Street, Suite 2000
								Miami, Florida 33130
								Telephone:  (305) 901-1379
								Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant, **Bellsouth Telecommunications, LLC, a/k/a AT&T**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*Modesto Espinosa*
Modesto Espinosa
_____
Modesto Espinosa